IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT E. BIEHL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-4135-JAR |
| ) | |
| SALINA POLICE DEPARTMENT and ) | |
| OFFICER BRAD MCCARY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the court upon defendants' Motion for Protective Order (Doc. 18). Plaintiff has filed a response (Doc. 21) to which defendant has filed a reply (Doc. 22). The issues are thus fully brief and ripe for decision. Defendant states that a protective order is necessary in order to protect the "production of and testimony through deposition about personnel records of parties and non-parties, confidential police investigation reports, medical records, and other similar documents . . . ."[1]

Plaintiff's objection states that he objects to the protective order. However, plaintiff's response does not give any reason for such an objection. Plaintiff only states that "(1) The Defendants consist of more the [sic] the Salina Police. (2) The Defendants consist of the City of Salina, including the preliminary Judge (name unknown), Brend Stoss Municaple [sic] Judge, and Janet Wyman-Prosecutor [.] (3) This Case has to do with my rights and abuse of authority."[2]

The court is mindful that plaintiff is proceeding *pro se* and thus his filings should be liberally construed and held to a less stringent standard.[3] This requires the court to look past any confusion of legal

---

[1]Motion for Protective Order (Doc. 18) at p. 1.

[2]Objection to Protective Order (Doc. 21).

[3]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

theories or a failure to cite proper legal authority.[4]  Despite this liberal construction, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[5]

Here, plaintiff offers no reason as to why the court should refrain from approving defendant's proposed protective order.  Indeed, the court believes that such an order would serve to protect any confidential information regarding plaintiff, including any relevant medical history, from public view.  To the extent that plaintiff's response (Doc. 20) to the present motion indicates that defendants in the present motion include more people or entities than the Salina Police Department and Officer Brad McCary, plaintiff is incorrect.  Plaintiff's original complaint lists only Salina Police Department and Officer McCary as defendants.[6]  Should plaintiff wish to amend his complaint to include additional parties, upon a proper motion plaintiff may be permitted to do so.

Accordingly, and for good cause shown,

IT IS THEREFORE ORDERED that defendants' Motion for Protective Order (Doc. 18) is granted.  Subsequent to this order, the undersigned will sign and file defendants' proposed protective order.

IT IS SO ORDERED.

Dated this 21st day of April, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius<br>
K. Gary Sebelius<br>
U.S. Magistrate Judge

---

[4] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[5] *Id.*

[6] *See* Complaint (Doc. 1) at p. 1.