ace/lwr

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT E. BIEHL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **Case No. 06-4135-JAR** |
| **SALINA POLICE DEPARTMENT and** ) | |
| **OFFICER BRAD MCCARY,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court upon defendants' Motion to Dismiss (Doc. 25). Plaintiff, a *pro se* litigant, filed this action against Officer Brad McCary and the Salina Police Department alleging violations of his constitutional rights resulting from plaintiff's arrest for Driving Under the Influence ("DUI"). Defendants filed a motion to dismiss on May 2, 2007. Plaintiff has not filed a response and the time to do so has expired.[1] Defendants' motion to dismiss is granted due to plaintiff's failure to respond.[2] The Court also grants defendants' motion because plaintiff has not stated a claim upon which relief can be granted.

## I.    Factual Basis

Plaintiff's Complaint is brief, containing scarce facts and unclear allegations. The facts and claims plaintiff submits are: he was falsely arrested, his disability was ignored, he was denied a blood test, he was denied his doctor, his driver's license was revoked, he was given an

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within 23 days).

[2] *See* D. Kan. R. 7.4 (failure to respond to a motion, within the allotted time, results in an uncontested motion, "and ordinarily will be granted without further notice.").

"illegal run around" from the court, and he was eventually found not guilty. Plaintiff also supplemented his Complaint by attaching various documents that the Court also considers.[3]

On December 4, 2003, Officer McCary, an officer of the Salina City Police Department, responded to a report of a possible drunk driver. Officer McCary found plaintiff "high-centered" on a concrete parking divider. Plaintiff was still in the vehicle and the engine was running. Officer McCary observed plaintiff slurring his words and having coordination problems. Plaintiff's eyes were bloodshot and watery. Officer McCary also noticed that plaintiff's breath had a strong odor of an alcoholic beverage, and plaintiff admitted to drinking eight beers that day with the last being two hours previously. Officer McCary had plaintiff perform a sobriety test, which he failed. Officer McCary concluded that plaintiff was an impaired driver and asked him to exit the vehicle. When plaintiff did, he fell to the ground. At that point, Officer McCary placed plaintiff under arrest for DUI. Plaintiff was subsequently charged with DUI, and was found guilty in the Municipal Court of Salina, Kansas. On appeal to the District Court of Saline County, a jury found plaintiff not guilty of the charge. Following his acquittal, plaintiff filed a claim against Officer McCary and the Salina Police Department alleging the arrest violated his constitutional rights. Defendants now move to dismiss plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     Rule 12(b)(6) Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be

---

[3]*See Riggs v. Boeing Co.*, 12 F. Supp. 2d 1215, 1216 n.3 (D. Kan. 1998) (citation omitted) ("The court can properly consider the documents attached to plaintiff's complaint without converting defendant's motion to dismiss to a motion for summary judgment.").

granted."[4]  Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."[5]  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."[6]

On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff.[7]  The Court construes the allegations in the light most favorable to the plaintiff.[8]  These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[9]  The facts narrated by the plaintiff must at least outline or adumbrate a viable claim in order to "pass Rule 12(b)(6) muster."[10]  Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice.[11]

Because defendants have filed a Rule 12(b)(6) motion, materials outside the pleadings cannot be considered without converting the motion into a motion for summary judgment.[12]

---

[4] Fed. R. Civ. P. 12(b)(6).

[5] *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citation omitted).

[6] *Mounkes v. Conklin*, 922 F. Supp. 1502, 1506 (D. Kan. 1996) (quotation omitted).

[7] *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citation omitted).

[9] *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (footnote omitted).

[10] *Mounkes*, 922 F. Supp. at 1506 (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

[11] *Id.*

[12] Fed. R. Civ. P. 12(b)(6).

Within its review of a motion to dismiss, however, the Court does consider documents attached to the Complaint, as consideration of these documents does not convert a motion to dismiss into a motion for summary judgment.[13]

Additionally, because plaintiff is a *pro se* litigant, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[14] However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15] The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[16] Additionally, a *pro se* litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance.[17]

## III. Discussion

Plaintiff has not responded to defendants' motion to dismiss, leaving defendants' motion uncontested. As a result of plaintiff's failure to respond, the Court grants defendants' motion. Furthermore, the Court grants defendants' motion to dismiss because plaintiff fails to state a claim upon which relief can be granted. The Court construes plaintiff's Complaint "liberally" as bringing a claim under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights through

---

[13]*Riggs v. Boeing Co.*, 12 F. Supp. 2d 1215, 1216 n.3 (D. Kan. 1998) (citing *Hall*, 935 F.2d at 1112); *see also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) ("When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents, and this rationale for conversion to summary judgment dissipates.").

[14]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[15]*Id.*

[16]*Hall*, 935 F.2d at 1110 (citation omitted).

[17]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

an unlawful seizure of his person.[18]  Because plaintiff does not, nor cannot, refute that Officer McCary had probable cause to execute the arrest, he fails to state a claim upon which relief can be granted.

### A.     *Failure to Oppose Defendants' Motion To Dismiss*

On May 2, 2007, defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[19]  Plaintiff's response was due twenty-three days later on May 25, 2007.[20]  To date, plaintiff has not responded to defendants' motion to dismiss.[21]  In the event a party fails to respond to a dispositive motion, the local rules provide the party has waived the right to file a response except upon a showing of excusable neglect.[22]  Absent a showing of excusable neglect, the motion "will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[23]

While the court notes plaintiff is a *pro se* litigant, plaintiff has already been warned that further noncompliance with procedural requirements "will not be viewed favorably by the Court."[24]  Furthermore, a plaintiff's *pro se* status does not excuse plaintiff from compliance with

---

[18]If the Court were also to construe plaintiff's Complaint as asserting supplemental state law claims, such claims would be barred by the state statute of limitations.  *See* K.S.A. § 60-513.  Additionally, if plaintiff were to assert a state law claim, plaintiff is required to file notice of the claim on the city clerk before pursuing it, which he has failed to do.  *See* K.S.A. § 12-105b(d).

[19](Doc. 25.)

[20]*See* D. Kan. R. 6.1(d)(2).

[21]While plaintiff has since filed one document entitled "Supplementation of Disclosures" (Doc. 35), the document is not a response to defendants' motion to dismiss.

[22]D. Kan. R. 7.4.

[23]*Id.*

[24](Doc. 13 at 2.)

5

procedural rules, nor from the consequences of noncompliance.[25]  Because plaintiff failed to respond to defendants' motion to dismiss within twenty-three days and has not made a showing of excusable neglect, the Court grants defendants' motion and dismisses plaintiff's claims against all parties.

### B. *Failure to State A Claim Upon Which Relief Can Be Granted*

In addition to dismissing plaintiff's claims due to failure to contest defendants' motion, the Court concludes that plaintiff's Complaint does not state a claim for which relief can be granted and dismisses plaintiff's claims against all parties for this reason as well.

#### 1. Officer Brad McCary

Although plaintiff does not indicate in his Complaint whether he is suing Officer McCary in his official or individual capacity, the Court will construe plaintiff's Complaint as stating a claim against Officer McCary in both capacities.  In an action under 42 U.S.C. § 1983, a suit against a government official may be made to impose individual liability for actions taken under color of state law.[26]  In order to establish individual liability in a § 1983 suit, a plaintiff only need show that the official, "acting under color of state law, caused the deprivation of a federal right."[27]  A defendant sued in his individual capacity may be able to assert personal immunity defenses such as qualified immunity.[28]

Upon a defendant's assertion of a qualified immunity defense, plaintiff has a two-part

---

[25]*See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules).

[26]*Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

[27]*Id.* at 165.

[28]*Id.*

burden. First, plaintiff must allege facts showing that the official's conduct violated a constitutional right.[29] If a violation is shown, "'the next, sequential step is to ask whether the right was clearly established.'"[30] The issue of immunity is a legal one and the Court may not avoid it by framing it as a factual issue.[31] The Supreme Court counsels that before addressing the issue of qualified immunity, the Court must first consider: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[32]

Liberally construing plaintiff's Complaint in this case, plaintiff alleges Fourth Amendment violations against Officer McCary in his individual capacity. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."[33] An officer is required to have probable cause to make a valid arrest in public.[34] With probable cause, an officer may arrest an individual for even a very minor criminal offense, if the offense is committed in the officer's presence.[35] In a 42 U.S.C. § 1983 action, such as this, where a warrantless arrest is the subject, the officer is

---

[29]*Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

[30]*Id.* (quoting *Saucier*, 533 U.S. at 201).

[31]*Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997).

[32]*Saucier*, 533 U.S. at 201; *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005).

[33]U.S. Const. amend. IV.

[34]*Ingrahm v. Wright*, 430 U.S. 651, 679 (1977) (citing *United States v. Watson*, 423 U.S. 411, 423 (1976)); *see also Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (citing *Bringgar v. United States*, 338 U.S. 160, 175 (1949)) (same).

[35]*Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *see also Wilder v. Turner*, ___F.3d___, 2007 WL 1677951, at *5 (10th Cir. June 12, 2007) (concluding probable cause that plaintiff was driving under the influence validated the arrest).

entitled to qualified immunity if valid probable cause existed to support the arrest.[36]

The substance of probable cause is a "reasonable ground for belief of guilt."[37] Probable cause only requires a "fair probability" of the crime; greater proof is not required.[38] Therefore, neither conclusive evidence nor an actual conviction of the crime is necessary to uphold probable cause. Ultimate innocence has no bearing on the validity of an arrest because probable cause is judged by the factors that existed at the time of the arrest.[39] The test for probable cause is whether the facts and circumstances within the officer's knowledge would provide an objectively reasonable officer with a reasonable ground to believe the suspect has committed or is committing an offense.[40]

In this case, plaintiff contends that he was falsely arrested in violation of his constitutional rights because he was "denied a blood test" and because his "disability [was] totally ignored."[41] The Court construes plaintiff's argument as alleging that he was falsely arrested because he was not actually intoxicated and that Officer McCary would have confirmed plaintiff's innocence if he had performed a blood exam or checked plaintiff's medical records. For purposes of this motion, the Court construes the facts in a light most favorable to plaintiff and accepts plaintiff's contention that he was not intoxicated, but that his disability caused his

---

[36]*Wilder*, 2007 WL 1677951, at *3 (citing *Atwater*, 532 U.S. at 354).

[37]*Maryland*, 540 U.S. at 371 (citing *Bringgar*, 338 U.S. at 175).

[38]*United States v. Stephenson*, 452 F.3d 1173, 1178 (10th Cir. 2006).

[39]*See Beck v. Ohio*, 379 U.S. 89, 91 (1964).

[40]*Id.* (citing *Ornelas v. United States*, 517 U.S. 690, 696 (1996)); *see also Wilder*, 2007 WL 1677951, at *3.

[41](Doc. 1 at 3.)

impairment and wreck. Even accepting all of plaintiff's allegations as true, the factors and circumstances within the officer's knowledge at the time of the arrest support a finding of probable cause that plaintiff had committed the offense of DUI.

At the time of the arrest, Officer McCary was responding to complaints of a possible drunk driver and found plaintiff's vehicle "high centered" on a concrete divider of a parking space. Plaintiff was still inside the vehicle and the engine was running. Officer McCary observed that plaintiff's eyes were bloodshot and watery, that he was having coordination problems, and that he was slurring his words. Officer McCary also noticed that plaintiff's breath had a strong odor of alcohol, and plaintiff admitted to Officer McCary that he had consumed eight beers that day with the last being two hours previously. Officer McCary administered a sobriety test, which plaintiff failed. Plaintiff also fell as he exited the vehicle. Plaintiff reasonably appeared to the officer to be intoxicated while driving. Due to these factors and circumstances within his knowledge at the time, Officer McCary had probable cause to arrest plaintiff for DUI. Because probable cause is established, Officer McCary did not have a responsibility to check plaintiff's medical records, nor was he required to perform further tests, such as a blood test.[42] Construing plaintiff's Complaint liberally, the Court cannot find that plaintiff asserts a constitutional violation. Because plaintiff has not alleged a constitutional violation, Officer McCary is entitled to qualified immunity, and all claims against him in his individual capacity are therefore dismissed.

### 2. The City of Salina

---

[42] *See Wadkins v. Arnold*, 214 F.3d 535, 541 (4th Cir. 2000) (explaining officers may not disregard readily available evidence, but are not required to exhaust every possibility).

Plaintiff's claim against Officer McCary in his official capacity as a police officer is another way of pleading an action against the City of Salina itself. Municipalities and other local governments, such as counties, may be sued under § 1983 for constitutional torts.[43] A local government may be held liable where its action "*itself* violates federal law, or directs an employee to do so."[44] In order to establish liability, the government official must have committed a constitutional violation, and the entity itself must have been the "moving force" behind the alleged deprivation; the entity's "policy or custom" must have contributed toward the constitutional violation.[45]

As is the case with supervisory liability, "a municipality may not be held liable where there was no underlying constitutional violation by any of its officers."[46] In this case, the Court has found that plaintiff fails to state a claim against Officer McCary for a violation of plaintiff's constitutional rights when he was arrested for DUI. Therefore, the Court concludes that plaintiff also has not stated a claim against the City of Salina.

### 3.     Salina Police Department

Plaintiff brings a claim against the Salina Police Department arising from the arrest performed by Officer McCary. The Salina Police Department, however, is a subunit of the city

---

[43]*Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998).

[44]*Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404–05 (1997).

[45]*Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 694–95 (1978); *Myers*, 151 F.3d at 1316.

[46]*Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993); *see also Jiron v. City of Lakewood*, 392 F.3d 410, 419 n.8 (10th Cir. 2004) ("[W]hen a finding of qualified immunity is based on a conclusion that the officer has committed no constitutional violation... a finding of qualified immunity *does* preclude the imposition of municipal liability." (citation omitted)).

government and is not a government entity subject to suit.[47]  Officer McCary is actually an employee of the City and not the Police Department.  Plaintiff should have filed his Complaint against the City for Officer McCary's actions, and not against the Salina Police Department.[48]  Because the Salina Police Department is not an entity subject to suit, the Court dismisses plaintiff's claim against the Salina Police Department.

## IV. Conclusion

For the reasons set forth above, the Court grants defendants' motion to dismiss.  Plaintiff has failed to comply with the local procedural rules by not responding to defendants' motion to dismiss.  Thus, defendants' motion is uncontested, and is therefore granted.  Further, the Court grants defendants' motion because plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983 because plaintiff has not alleged a constitutional violation.  Accordingly, defendants' motion to dismiss is granted.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Dismiss (Doc. 25) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 18th day of July 2007.

S/ Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**

---

[47] *Wayne v. Kansas*, 980 F. Supp. 387, 391 (D. Kan. 1997) (stating that the Topeka Police Department is a subunit of the city government and not an entity subject to suit, resulting in an improper naming of the defendant).

[48] As discussed above, however, had plaintiff brought a claim against the City of Salina, that claim would fail as well when plaintiff has not stated a claim against Officer McCary for violation of his constitutional rights. *See supra* Part III.B.2.

Memorandum and Order Granting Defendants' Motion to Dismiss, *Biehl v. Salina Police Dep't, et al.*, No. 06-4135