ace

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT E. BIEHL,**           )<br>                                                  )<br>            **Plaintiff,**            )<br>                                                  )<br>vs.                                         )<br>                                                  )   **Case No. 06-4135-JAR**<br>**SALINA POLICE DEPARTMENT and** )<br>**OFFICER BRAD MCCARY,**     )<br>                                                  )<br>            **Defendants.**          )<br>_____) | |

### MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on plaintiff's Motion for Reconsideration (Doc. 39). On July 19, 2007, this Court granted defendants' motion to dismiss as uncontested under the local rules[1] and because plaintiff failed to state a claim for relief under 42 U.S.C. § 1983. (Doc. 36.) Plaintiff now moves for reconsideration of that order alleging that he stated a claim against defendants and asking that the case be reopened.

A motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment is essentially a motion for reconsideration.[2] A district court has "considerable discretion" when determining whether to grant or deny a Rule 59(e) motion.[3] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in

---

[1] *See* D. Kan. R. 7.4 ("If a respondent fails to file a response within the time required . . . , the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

[2] *Schweitzer-Reschke v. Avnet, Inc.*, 881 F. Supp. 530, 532 (D. Kan. 1995).

[3] *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. "A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed."[4]

In his motion, plaintiff fails to show that the Court should alter or amend the judgment under any of the three bases for granting a Rule 59(e) motion. Plaintiff asks that this case be reopened so that it may be heard by a jury. To the extent plaintiff contends that reconsideration is appropriate to avoid manifest injustice,[5] he has not presented any evidence to support such an argument. Thus, the Court denies plaintiff's motion for reconsideration.[6]

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Reconsideration (Doc. 39) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 31st day of July 2007.

        S/ Julie A. Robinson
**Julie A. Robinson
United States District Judge**

---

[4]*Baker v. Via Christi Regional Med. Ctr.*, No. 06-2168-KHV, 2007 WL 2137789, at *1 (D. Kan. July 23, 2007) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

[5]Because plaintiff is a *pro se* litigant, the Court liberally construes his pleadings and applies a less stringent standard than that which is applicable to attorneys. *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[6]*See Baker*, 2007 WL 21377889, at *1 ("Plaintiff has pointed to no facts to support his argument that the Court must reverse its decision to grant summary judgment in order to avoid manifest injustice.").